IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAXINE L. TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-05-625-F |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner, Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Maxine Tucker seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). In light of a failure to evaluate the mental demands of her past relevant work, the Court should reverse and remand for further proceedings.[1]

I.   BACKGROUND

Ms. Tucker applied for supplemental security income based on an alleged disability. Administrative Record at pp. 44-46 (certified June 30, 2005) ("Rec."). The SSA denied the application initially and on reconsideration. *Id.* at pp. 20-21. An administrative hearing took place,[2] which resulted in a finding of non-disability.[3] The Appeals Council declined

---

[1]   The Court has referred the action to the undersigned for findings and recommendations on dispositive matters. Order Referring Matter to United States Magistrate Judge (June 2, 2005).

[2]   *See* Rec. at pp. 243-285.

[3]   Rec. at pp. 13-19.

jurisdiction,[4] and the present action followed.  As alleged by Ms. Tucker,[5] the administrative law judge erroneously evaluated the ability to return to the past relevant work.

II.     STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard.  *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary.  *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

III.    MENTAL DEMANDS OF THE PAST RELEVANT WORK

The present action involves the following RFC determination by the administrative law judge: "The claimant has the residual functional capacity to perform the nonexertional requirements of work except for interaction with the general public, more than simple instructions with routine supervision, performing mathematics, or not working close to a bathroom." Rec. at p. 18.  Based on this assessment, the judge determined that the Plaintiff could return to her past relevant work as a housekeeper. *Id.* at pp. 18, 19.  This determination involved reversible error.

---

[4]     Rec. at pp. 4-6.

[5]     Plaintiff's Brief and Statement of Specific Errors at p. 11 (Sept. 19, 2005) ("Plaintiff's Opening Brief"); Plaintiff's Reply Brief at p. 5 (Dec. 23, 2005) ("Plaintiff's Reply Brief").

The administrative law judge must make specific, detailed findings concerning the physical and mental demands of the past jobs.  *See* Social Security Rule 82-62, Titles II and XVI: A Disability Claimant's Capacity to Do Past Relevant Work, in General, 1982 WL 31386, Westlaw op. at 4 (1982).  The administrative law judge failed to make any findings concerning the mental demands of the past work.

The Defendant suggests that the administrative law judge had relied on a vocational expert ("VE").  Brief in Support of the Commissioner's Decision at p. 15 (Dec. 15, 2005).  The VE's testimony was insufficient for two reasons.

First, the administrative law judge never asked about the mental demands of the past work and the VE never offered any such information.  Rec. at p. 279.  Thus, the administrative law judge's apparent reliance on the VE's testimony was erroneous.  *See Flores v. Apfel*, 242 F.3d 388, 2000 WL 1694301, Westlaw op. at 4 (10th Cir. Nov. 13, 2000) (unpublished op.) (a VE's summary of the claimant's past work was not sufficient to satisfy phase two because it did not contain evidence of the mental demands of the past work).

Second, the VE's characterization of the past work as "unskilled" did not account for the mental demands of potential jobs.  *See Wiederholt v. Barnhart*, 121 Fed. Appx. 833, 839 (10th Cir. Feb. 8, 2005) (unpublished op.) (a description of a job as "unskilled" did not adequately incorporate specific findings regarding the claimant's mental impairments); *see also Wayland v. Chater*, 76 F.3d 394, 1996 WL 50459, Westlaw op. at 2 (10th Cir. Feb. 7,

1996) (unpublished op.) (concluding that "a cognitive or emotional impairment" cannot "be functionally equated with the lack of a skill"). The SSA has explained:

> Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's condition may make performance of an unskilled job as difficult as an objectively more demanding job. For example, a busboy need only clear dishes from tables. But an individual with a severe mental disorder may find unmanageable the demands of making sure that he removes all the dishes, does not drop them, and gets the table cleared promptly for the waiter or waitress.

Social Security Ruling 85-15, Titles II and XVI: Capability to Do Other Work - The Medical- Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments, 1985 WL 56857, Westlaw op. at 6 (1985).

For both reasons, the VE's testimony did not undo the administrative law judge's failure to make findings on the mental demands of Ms. Tucker's past work as a housekeeper.

IV.   THE PLAINTIFF'S REMAINING ALLEGATIONS OF ERROR

The Plaintiff also alleges other errors,[6] but the Court need not address these issues. The suggested remand could affect the Plaintiff's remaining challenges, and the Court need not consider them. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

V.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand for further proceedings.

---

[6]   Plaintiff's Opening Brief at pp. 2-11; Plaintiff's Reply Brief, *passim*.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is February 20, 2006. *See* W.D. Okla. LCvR 72.1(a). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

VI. STATUS OF THE REFERRAL

The referral is terminated.

Entered this 31st day of January, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge